TOLEDO SCALE COMPANY, APPELLANT, v. PETER MUCHA, APPELLEE.

Submitted May 17, 1929—Decided June 21, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Samuel G. Meislerman.*

For the appellee, *George D. Mulligan.*

PER CURIAM.

The plaintiff is a vendor by contract of conditional sale which was not recorded, in which contract one Grentius was the conditional vendee. Grentius was also a tenant of the defendant, Mucha, and was indebted to him for rent. Mucha started distress proceedings to recover his rent, and while these were pending Grentius and Mucha made a settlement whereby Grentius sold and delivered to Mucha the property covered by the conditional sale contract, and other property in satisfaction either wholly or partially of the claim for rent. It does not specifically appear in the state of the case that Mucha had no knowledge of the contract of conditional sale, but as nothing is said about this point we assume that the parties so understood at the trial. The appellant vendor seeks to hold Mucha for a conversion of the property covered by the conditional sale.

The case of *Commercial Credit* v. *Vineis*, 98 *N. J. L.* 376,

is authority for the proposition that the lien of the landlord by distress is not such a lien as will take precedence of an unrecorded contract of conditional sale; but that is not this case. In the case at bar there was an existing debt and a transfer or an attempted transfer of title by the debtor of his property in satisfaction of that debt. It is argued that such transfer lacks the necessary consideration as against the claim of the holder of an unrecorded contract of conditional sale; but we hold to the contrary, on the authority of *Knowles Loom Works* v. *Vacher,* 57 *N. J. L.* 490; and as we deem there was lawful consideration for the transfer and on the assumption that the defendant landlord had no actual knowledge of the contract of conditional sale, the transfer was good and the judgment which was for the defendant will be affirmed.